DFC

DOA: 10.26.23

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

Gerardo CAMARGO-Ruiz,

                Defendant.

Case No.:  23MJ8814

COMPLAINT FOR VIOLATION OF

Title 8, U.S.C., Section 1324(a)(1)(A)(ii)
Transportation of Illegal Aliens (Felony)

The undersigned complainant being duly sworn states:

    On or about October 26, 2023, within the Southern District of California, defendant Gerardo CAMARGO-Ruiz, with the intent to violate immigration laws of the United States, knowing and in reckless disregard of the fact that alien, Jorge Martin RODRIGUEZ-Lopez, had come to, entered, or remained in the United States in violation of law, did transport or move, or attempt to transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324.

And the complaint states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

_____
Margarita Carter, CBP Enforcement Officer
United States Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 27th day of October 2023.

_____
HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Gerardo CAMARGO-Ruiz

## STATEMENT OF FACTS

This Complaint and Statement of Facts is based upon the reports of the apprehending Officers and the investigation conducted by United States Customs and Border Protection (CBP) Enforcement Officer Carter that defendant, Gerardo CAMARGO-Ruiz (CAMARGO), was arrested at the Calexico, California West Port of Entry while transporting an undocumented alien in violation of Title 8, United States Code, Section 1324.

On October 26, 2023, at approximately 3:07 a.m., Gerardo CAMARGO-Ruiz (CAMARGO) applied for admission into the United States from Mexico at the Calexico, California West Port of Entry through the vehicle primary lanes. CAMARGO was the driver of a red Land Rover SUV accompanied by a male passenger, later identified as Jorge Martin RODRIGUEZ-Lopez (RODRIGUEZ). CAMARGO presented a California Driver's License to United States Customs and Border Protection (CBP) Officer Velasquez as his entry document and presented a United States Passport for his passenger, RODRIGUEZ. At the Calexico, California West Port of Entry, the International Boundary is marked with a yellow line approximately 100 feet before the Primary Inspection booths. At the time of primary inspection, CAMARGO and RODRIGUEZ were in the United States.

CBP Officer Velasquez obtained a negative Customs Declaration and upon verification of the documents, he received a computer-generated alert indicating the United

States Passport presented had been reported stolen. At this time, CBP Officer Velasquez referred CAMARGO and RODRIGUEZ to the Vehicle Secondary lot for further verification.

In Vehicle Secondary Inspection lot, CBP Officer Cervantes approached the red Land Rover SUV to inspect the vehicle occupants. The driver, CAMARGO stated he and RODRIGUEZ were going to Holtville, California to work. CAMARGO further stated RODRIGUEZ is his co-worker at the "ranch" and he has known him for approximately six months. At this time, CBP Officer Cervantes proceeded to examine the document presented for RODRIGUEZ and noticed facial discrepancies with the photo on the document and the person in front of him. CBP Cervantes suspected RODRIGUEZ was not a United States citizen and immediately escorted CAMARGO and RODRIGUEZ to the Vehicle Secondary Office for further processing.

In the Vehicle Secondary Office, CAMARGO and RODRIGUEZ fingerprints were queried revealing prior immigration apprehensions for RODRIGUEZ. Record checks confirm RODRIGUEZ does not possess legal documents to enter into or be in the United States. CAMARGO and RODRIGUEZ were detained and transported to the Admissibility Enforcement Unit for further disposition.

CAMARGO was advised of his Miranda warnings to which he stated he understood and was willing to answer questions without the presence of an attorney. CAMARGO stated today he was bringing in a person into the United States illegally. CAMARGO stated a "friend" offered him a job smuggling undocumented people into the United States through the Calexico Port of Entry. CAMARGO stated he was offered $1,000.00 U.S. dollars per

4

person that he successfully smuggled into the United States. CAMARGO stated he accepted the offer because he was in financial need. CAMARGO further stated his "friend" provided him with a vehicle and the entry document for RODRIGUEZ to use for the illegal entry. CAMARGO admitted he had previously successfully smuggled undocumented persons into the United States from Mexico on five separate occasions. CAMARGO stated if successful in entering the United States, he was going to transport RODRIGUEZ to the "Border Motel" in Calexico, California where RODRIGUEZ would await his transport to Los Angeles, California. CAMARGO stated afterward he would return to Mexicali, Mexico and receive payment from his "friend." CAMARGO stated he knew it was illegal to smuggle someone into the United States in the manner he attempted, but he did it because he needed the money.

Material Witness RODRIGUEZ admitted to being a citizen of Mexico attempting to enter the United States illegally by using a document that does not belong to him. RODRIGUEZ stated his family made the arraignments with unknown smugglers to be smuggled into the United States. RODRIGUEZ stated once successful in his illegal entry his family was to pay a smuggling fee of $16,000.00 United States dollars to the smuggler. RODRIGUEZ stated if successful in his illegal attempt he was to travel to Chicago to reside illegally and seek employment. Records revealed RODRIGUEZ has no legally issued documents to enter, reside, or pass through the United States.

The complainant states the name of the Material Witness is as follows:

| NAME | COUNTRY OF BIRTH |
|---|---|
| Jorge Martin RODRIGUEZ-Lopez | Mexico |

Further, complainant states that the Material Witness is a citizen of a country other than the United States; that said alien has admitted that she is deportable; that her testimony is material, that it is impracticable to secure her attendance at trial by subpoena; and that she is a Material Witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.